72137. IN RE Y. R. V. & M. A. V.
(345 SE2d 121)

SOGNIER, Judge.

Appellee, the maternal grandmother of Y. R. V. and M. A. V., filed a petition to adopt her two granddaughters. The petition alleged that appellant, the children's natural father and former husband of appellee's daughter, abandoned the children in that he failed to make court-ordered support payments. The children's natural mother has consented to the adoption by appellee. The superior court determined that appellant had failed significantly to provide for the care and support of the children as required by court order for a period of more

than one year prior to the filing of the petition and granted the petition for adoption. Appellant moved for a new trial and following a hearing, the superior court entered a second order reaffirming the finding of the first order and further determining that the evidence clearly and convincingly established appellant's intention to abandon the children. This appeal ensued.

1. Appellant contends the trial court erred by granting appellee's petition for adoption because there is no clear and convincing evidence to support the trial court's finding, whether that finding is based on OCGA § 19-8-6 (a) (1), abandonment, or OCGA § 19-8-6 (b) (2), significant failure to provide for the care and support as required by judicial decree. We agree with appellant. The petition for adoption was filed June 27, 1985. The record shows that appellant, a Mexican national with legal permanent residence, paid child support per court instruction from the divorce in January 1983 until November 1983 when appellant joined appellee, her husband, appellant's ex-wife and the minor children in Texas. Although appellant's ex-wife departed the household, leaving the children in appellee's care, appellant remained with appellee and the children until October 1984. He asserts he ceased making payments to the Georgia court because, ignorant of the law and relying on statements made by appellee and her family, appellant thought he could pay the money directly to appellee for the children since they were all in Texas together. The superior court, after hearing conflicting evidence between appellant and appellee as to the amounts paid by appellant ($140 and $100 per month, respectively) and the purpose for the payments, stated in its order, "[a]ssuming that all such payments were for child support, the Court still finds that [appellant] has significantly failed to support the children." This finding was contrary to the provisions of OCGA § 19-8-6 (b) which provides for termination of parental rights only where the significant failure to support occurs "for a period of one year or longer immediately prior to the filing of the petition for adoption." The fact that appellant was not paying child support in the manner required by judicial decree does not offset the superior court's finding that the money was being received by the person caring for the minor children eight months prior to the filing of the petition for adoption.

Therefore, the superior court's order granting appellee's petition for adoption based on OCGA § 19-8-6 (b) (2) is reversed. To the extent the superior court's order finding abandonment by appellant is based on the significant failure to provide support, see *In re C. C. P.*, 168 Ga. App. 918 (310 SE2d 776) (1983), that ruling is also reversed.

We further reverse the superior court's order finding appellant has abandoned the two minor children should that ruling be based on OCGA § 19-8-6 (a) (1). " 'The standard to be used in abandonment cases is whether the alleged abandonment is such as to show a settled

purpose to forego all parental duties and claims. There must be an actual desertion, accompanied with an intention to entirely sever, so far as possible to do so, the parental relation, and throw off all obligations growing out of the same.' [Cit.] Evidence of abandonment of the child by his natural parent must be clear and convincing in an adoption proceeding the result of which is to terminate the natural parent's rights in his child. [Cits.]" *Spires v. Bittick*, 171 Ga. App. 914, 915 (2) (321 SE2d 407) (1984). The evidence shows that after living in the same household as his children for 11 months in Texas, appellant returned to Georgia on the promise of farm employment that failed to materialize and found himself in such straitened economic conditions that appellee's mother provided meals for him for approximately two weeks in early January 1985 because he had no money or work. His only contact with his children between January and March occurred when appellee's husband, on visits to Georgia, brought the two girls with him. When appellee, after the death of her husband, moved back to Georgia in late March 1985, appellant began to see his children every weekend and asserts he kept them for most of the month of May as well as on several occasions when domestic difficulties at appellee's home made it improper for the children to remain there. Although appellee asserts that the weekend visits were motivated by her informing appellant of her intention to file for adoption, appellant's renewed contact with his children also corresponds with the return of the children from Texas. From our review of the record and applying the proper appellate standard, we do not find clear and convincing evidence sufficient to enable a rational trier of fact to conclude that appellant-natural father abandoned his two daughters. "While appellant's conduct has not been exemplary in either the prompt payment of child support nor in the persistence in exercise of his rights to visitation, the termination of his parental rights is not warranted on these facts. If there is no parental consent and the natural parent has not abandoned the child[ren], the court is *required* to deny the adoption. [Cits.]" *Spires*, supra at 917. We, therefore, reverse the grant of appellee's adoption petition.

2. Our resolution of the above matter renders it unnecessary for us to consider appellant's remaining enumerations of error.

*Judgment reversed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MAY 5, 1986.

*Naman L. J. Wood*, for appellant.
*G. Keith Murphy*, for appellee.